UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ANTHONY SCHOOLS,

    Plaintiff,

    v.

PMAB, LLC, *et al.*,

    Defendants.

Civil Action No. TDC-14-0716

**MEMORANDUM OPINION**

This matter is before the Court on the Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 10, filed by Defendant PMAB, LLC ("PMAB"). The issue before the Court is whether Plaintiff Anthony Schools ("Schools") has sufficiently stated a cause of action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* (2012) (Count I) and the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Comm. Law §§ 14–201, *et seq.* (West 2014) (Count II). Having reviewed the pleadings and briefs, the Court finds no hearing necessary. *See* Local Rule 105.6 (D. Md. 2014). For the following reasons, the Motion to Dismiss is DENIED.

**BACKGROUND**

Schools, a Maryland resident, alleges that beginning in or around October 2013, PMAB began contacting him in an attempt to collect a debt (the "Debt") owed to PMAB by an individual named "Ebony" (the "Debtor") who was unknown to Schools. Am. Compl. ¶¶ 21, ECF No. 9-1. Schools alleges that on several occasions he informed PMAB that he did not know the Debtor and that she was unreachable at his telephone number, and instructed PMAB to

remove his telephone number from the Debtor's account and cease all communications with him. *Id.* ¶¶ 24-26. Schools also alleges that despite his repeated attempts to stop the calls and the fact that PMAB knew the Debtor could not be reached at his telephone number, PMAB continued to call Schools using an automated telephone dialing system, a prerecorded message, or both, "at an annoying and harassing rate, placing almost *daily* calls to his cellular telephone for *successive weeks*." *Id.* ¶¶ 22, 27 (emphases in original).

On March 11, 2014, Schools filed a Complaint alleging violations of the FDCPA, MCDCA, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 *et seq.* (2012), and invasion of privacy against PMAB and the individual collectors employed by PMAB, Does 1-10, whom Schools plans to join as parties once their identities are disclosed through discovery. Compl. ¶¶ 6, 22-48, ECF No. 1. On June 25, 2014, Schools amended the Complaint, removing the state common law claim for invasion of privacy and including additional factual allegations regarding the nature of the Debt and the nature of PMAB's business as a collector of consumer debts.[1] *See* Am. Compl., Ex. 2 ¶¶ 8-20, ECF No. 9-2. Specifically, Schools alleged that PMAB is registered as a "collection agency" in Maryland, that there are numerous complaints before the Better Business Bureau regarding PMAB's attempts to collect personal medical debts, and that PMAB's website states that it provides "collection services for medical financial professionals." Am. Compl. ¶ 12, 16-17. In support of each of these allegations, Schools also attached the following to the Amended Complaint: a record of PMAB's registration as a "collection agency"

---

[1] The Amended Complaint was filed after PMAB filed its first Motion to Dismiss, ECF No. 8, on June 12, 2014. That original Motion argued that the Court should dismiss Schools's invasion of privacy claim, but was otherwise the same as the instant Motion to Dismiss Plaintiff's Amended Complaint. *See* Mem. Supp. Mot. Dismiss, ECF No. 8-1. Because, as noted, Schools subsequently removed the invasion of privacy claim from the Amended Complaint and PMAB filed this Motion to Dismiss the Amended Complaint, the Court dismisses as moot the first Motion to Dismiss, ECF No. 8.

from the Maryland Department of Labor, Licensing, and Regulation website; a screenshot of PMAB's webpage; and a listing of complaints against PMAB from the Better Business Bureau's website. Am. Compl., Exs. A-C, ECF No. 9-1.

On July 10, 2014, PMAB filed the present Motion to Dismiss Plaintiff's Amended Complaint, arguing that the Court should dismiss the FDCPA claim (Count I) and MDCPA claim (Count II) because Schools failed to properly allege that the Debt was a consumer debt, as required under both statutes. Mem. Supp. Mot. Dismiss at 4-8, ECF No. 10-1.

## DISCUSSION

### I. Legal Standard

A court must deny a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim where the complaint alleges enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Rule 12(b)(6) 'does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations.'" *Colon Health Ctrs. of Am., LLC v. Hazel*, 733 F.3d 525, 545 (4th Cir. 2013) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Rather, in assessing whether this standard has been met, the Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Legal conclusions or conclusory statements do not suffice and are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678.

**II. FDCPA Claim**

In the Complaint, Schools alleges that PMAB violated the provisions of the FDCPA which prohibits debt collectors from harassing or abusing "any person in connection with the collection of a debt," 15 U.S.C. § 1692(d), or using "unfair or unconscionable means to collect or attempt to collect any debt," § 1692(f). Am. Compl. ¶¶ 32-32. Under the FDCPA, "debt" is defined, in relevant part, as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money . . . which [is] the subject of the transaction [is] primarily for personal, family, or household purposes . . . ." § 1692a(5). Thus, to establish an FDCPA claim, a plaintiff must show that (1) the plaintiff has been the object of a collection activity arising from a consumer debt; (2) the defendant is a debt collector within the meaning of the statute; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759 (D. Md. 2012), aff'd 528 F. App'x 297 (4th Cir. 2013).

In the Motion to Dismiss, PMAB argues that the Court should dismiss the FDCPA claim because the Complaint fails to plead adequately that the underlying Debt, about which PMAB is alleged to have repeatedly called Schools, was a consumer debt as defined by the FDCPA. Mem. Supp. Mot. Dismiss at 5. PMAB contends that because Schools admits that he did not know the Debtor, it was "inconceivable" that Schools could know the specific nature of the Debt, and therefore he could not plead sufficient factual allegations establishing that the Debt was a consumer debt. *Id.*

PMAB is certainly correct that where an FDCPA plaintiff is also the debtor responsible for the debt in question, courts have held that the plaintiff must plead specific facts indicating that the debt was incurred for personal, family, or household purposes. *See Garcia v. Jenkins*

*Babb, L.L.P.*, 569 F. App'x 274, 276 (5th Cir. 2014) (dismissing an FDCPA suit where the plaintiff-debtors gave "no indication what item was purchased or what service was paid for, much less explain how the item or service was intended for personal or family use"); *Dokumaci v. MAF Collection Services*, No. 8:09-cv-02488-T-24-TGW, 2010 WL 2560024, at *2 (M.D. Fla. June 17, 2010) (dismissing plaintiff-debtor's FDCPA claim because, among other deficiencies, plaintiff failed to plead facts that established the nature of the debt).

Here, however, Schools's FDCPA claim arises not from his own debt but from that of a third party debtor unknown to him.[2] In cases involving a non-debtor plaintiff, courts have reasoned that such plaintiffs need not plead the nature of the underlying debt with similar particularity because "non-debtors cannot reasonably be expected to know the specific nature of a third party's debt without the benefit of discovery." *Corson v. Accounts Receivable Management, Inc.*, No. 13-01903, 2013 WL 4047577, at *4 (D.N.J Aug. 9, 2013). Thus, when the plaintiff is not the debtor, it is sufficient to plead facts supporting an inference that the debt was a consumer debt. For example, in *McGown v. Silverman & Borenstein, PLLC*, No. 13-cv-748-RGA/MPT, 2014 WL 459793 (D. Del. Feb. 3, 2014), the district court found a non-debtor plaintiff's pleadings sufficient on the element of consumer debt where the plaintiff "produced evidence of a public record showing the underlying debt action was filed against an individual," the defendant's past federal litigation had "all involved consumer credit," and the defendant's website contained a disclosure in compliance with the FDCPA. *Id.* at *3. *See also Bodur v. Palisades Collection, LLC*, 829 F. Supp. 2d 246, 257 (S.D.N.Y. 2011) (finding on a summary

---

[2] The FDCPA permits "any person" who is harmed by unlawful debt collection practices, and not just the debtor, to bring suit under § 1692(d) and § 1692(f). 15 U.S.C. §§ 1692(d), 1692(f); *see also Rawlinson v. Law Office of William M. Rudlow, LLC*, 460 F. App'x 254, 258 (4th Cir. 2012) (holding that non-debtors may bring suit under §§ 1692(d), 1692(e), and 1692(f) of the FDCPA).

judgment motion that the facts that the defendant specialized in "retail collections," that the underlying debt was for a wireless telephone account, and that the debtor was an individual living in an apartment building were sufficient to establish that the debt was for personal, family, or household purposes).[3]

Likewise, Schools's alleges that PMAB is registered as a "collection agency" in Maryland, that there are numerous complaints before the Better Business Bureau regarding PMAB's attempts to collect personal medical debts, and that PMAB's website states that it provides "collection services for medical financial professionals." Am. Compl. ¶ 12, 16-17. Although PMAB argues that these allegations are not as strong as those provided by the plaintiff in *McGown*, Reply at 4, ECF No. 12, they are more than sufficient to meet this lesser threshold for claims by non-debtors. *See McGown*, 2014 WL 459793, at *3; *Corson*, 2013 WL 4047577, at *3-4; *Bodur*, 829 F. Supp. 2d at 257. Based on the above-described allegations, the Court finds that the Complaint sufficiently alleges that the underlying Debt was for personal, family, or household purposes. PMAB's motion to dismiss Count I is therefore denied.

### III. MCDCA Claim

As with the FDCPA, the MCDCA also prohibits a "collector" of debt from engaging in certain acts. *See* Md. Code Ann., Comm. Law § 14-202. In the Motion to Dismiss, PMAB argues that Schools fails to state an MCDCA claim because he fails sufficiently to allege that

---

[3] PMAB argues that the different procedural postures in *Corson* and *Bodur* distinguish these cases from the present case. However, in *Corson*, the consumer debt question was before the court on a Federal Rule of Civil Procedure Rule 12(c) motion for judgment on the pleadings, which is, in fact, subject to the same standard as a Rule 12(b)(6) motion to dismiss, as it serves the purpose of testing the sufficiency of the plaintiff's pleadings. *See Burbach Broadcasting Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002). As for *Bodur*, that case was decided on a summary judgment motion, where the plaintiff had an even higher burden to meet than Schools does here, yet the court still found similarly circumstantial evidence sufficient to establish that the underlying debt was consumer debt.

PMAB is a "collector" or that the underlying transaction was a "consumer transaction" under the MCDCA. The Court, however, finds both elements adequately pleaded.

The MCDCA defines a "collector" as "a person collecting or attempting to collect an alleged debt arising out of a consumer transaction," and a "consumer transaction" as "any transaction involving a person seeking or acquiring real or personal property, services, money, or credit for personal, family, or household purposes." *Id.* § 14-201(b)-(c). Here, Schools alleges that PMAB called him repeatedly in an attempt to collect the Debt, Am. Compl. ¶¶ 21, 27, which Schools adequately alleged arose from a personal, family, or household transaction. Because the MCDCA definitions relating to consumer debt are substantially similar to those of the FDCPA, the Court's analysis in the preceding section, that the pleadings sufficiently allege that the underlying Debt was a consumer debt, applies equally to the MCDCA claim. Accordingly, the Court finds Schools's MDCDA claim adequately pleaded and denies the motion to dismiss as to Count II.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss the Amended Complaint, ECF No. 10, is DENIED. The first Motion to Dismiss, ECF No. 8, is DISMISSED AS MOOT. A separate Order follows.

Date: November 14, 2014

THEODORE D. CHUANG
United States District Judge